[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES
This action was brought by a parent in behalf of her minor child when he was burned by an electric baseboard after rolling out of bed. The suit was brought against the landlord and the property manager. The defendants have raised a special defense claiming the mother is not entitled to be reimbursed for past medical expenses and future medical expenses she may incur because of the child's injuries because of her negligence in placing the child's bed where she did, failure to secure the child in the bed or place a bed rail on the bed.
The plaintiffs have moved to strike the special defense. The defendants argue that the special defenses are directed only to bar or lessen the award of damages sought by the mother and in no way affect the damages that may be awarded to the minor child so the special defense is appropriate.
It is well established and the defendant does not contest the fact that a child's remedy is not barred because the negligence of a parent contributed to produce the injury. As to future
medical expenses, how can it be said that the mother's recovery claim must be barred or lessened — in effect this would limit or endanger the child's access to future medical treatment and might create tensions or strains on a family analogous to those sought to be avoided by creation of the parental immunity doctrine. Cf.,Mesite v. Kirchenstein, 109 Conn. 77, 84 (1929).
Also, that doctrine seems to be directly implicated on claims CT Page 1591 the mother is making for both medical bills incurred and to be incurred to treat the child for his injuries. If the mother's claim for those past, present and future bills are barred or lessened because of, as the defendants would have it, the mother's negligence, isn't the spirit if not the letter of the doctrine violated. That doctrine was discussed in a memorandum on a motion to strike a cross claim in this case.
A parent has an obligation to pay for medical bills incurred for a child's treatment. If the child were successful in this lawsuit, any litigation result reducing the mother's claim for reimbursement based on the parent's negligence would create problems similar to ones sought to be avoided by the doctrine of parental immunity. In other words, cases arise where defendant tortfeasors might call the child as a witness to establish the parent's liability; wouldn't the parent then have a right to cross examine and impeach the child? Certainly the opportunity for strain and disturbance of family peace created by such litigation scenarios are no less real than those that would be caused by a direct action between parent and child. Cf., Mesitev. Kirchenstein, 109 Conn. 77, 84 (1929).
The court will grant the motion to strike.
Corradino, J.